UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY - 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| DENISE ALLISON ROBINSON<br>1118 21st St., NE Apt. 108<br>Washington, DC 20002<br>202-442-5670    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>    HOUSING AUTHORITY,<br><br>1133 North Capitol St., NE<br>Washington, DC 20002<br>            Defendant | Case: 1:08-cv-00766<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 5/2/2008<br>Description: Civil Rights-Non. Employ. |

## COMPLAINT

1. In this action, Plaintiff Denise Allison Robinson seeks a declaration that her civil rights were violated when her Housing Choice Voucher subsidy ("Section 8 subsidy" or "Section 8 Voucher") was terminated by Defendant District of Columbia Housing Authority ("DCHA") without due process of law; injunctive relief to enjoin the Defendant's conduct and reinstate the subsidy under the terms and conditions it was previously issued; and damages, together with costs and attorneys' fees, for injuries caused by the Defendant's improper termination of her participation in the Section 8 Housing Choice Voucher Program ("HCVP").

2. This matter arises pursuant to the United States Housing Act of 1937, 42 U.S.C. § 1437f, and the regulations promulgated thereunder, 42 U.S.C. §1981 *et seq.*; the Administrative Procedures Act, 5 U.S.C. §§ 500 *et seq.*; the Declaratory Judgment Act, 28 U.S.C. § 2201; and the Fourteenth Amendment to the United States Constitution. The Defendant is the District of Columbia's public housing provider. The Plaintiff is a low-income resident of the District of

RECEIVED
APR 2 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Columbia who will be unable to secure stable and affordable housing in the future because the Defendant has terminated her housing subsidy without legal basis and without due process of law.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 42 U.S.C. § 1981 *et seq.*, in that this action arises under the Constitution and laws of the United States, 28 U.S.C. § 1343(a)(2), (3), and (4), and 5 U.S.C. § 500 *et seq.* to redress the deprivations, under color of state law, of rights secured by the Fourteenth Amendment to the United States Constitution. The right to challenge the Defendant's termination of Plaintiffs Section 8 voucher by a trial de novo was specifically recognized by Michael Kelly, Executive Director of the DCHA, in the hearing decision in this matter dated December 12, 2007.

4. Plaintiff seeks declaratory, injunctive and monetary relief against the Defendant pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. §1981 et seq.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff is a resident of the District of Columbia and Defendant is a resident of the District of Columbia. Venue is further proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and omissions giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff, Denise Allison Robinson, is a natural person, residing at 1118 21st Street, NE Apt. 108 Washington, DC 20002.

7. Defendant DCHA is a body, corporate and politic, exercising the public powers of the District of Columbia as an agency thereof and having the right to sue and be sued, with its

headquarters at 1133 North Capitol Street, NE; Washington, DC 20002. Defendant DCHA is a federally-funded public housing authority organized pursuant to D.C. Code 6-201 et seq., for the purpose of providing decent, safe and sanitary low-cost housing to moderate and lower-income families and individuals. DCHA is subject to the provisions and requirements of federal law governing the Section 8 HCVP set forth under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f, and the regulations promulgated thereunder at 24 C.F.R. Part 982.

## STATUTORY AND REGULATORY FRAMEWORK

8. Congress created the Section 8 HCVP under the Housing and Urban-Rural Recovery Act of 1983, 42 U.S.C. § 1437f. The United States Department of Housing and Urban Development ("HUD") has promulgated regulations implementing that program at 24 C.F.R. Part 982.

9. Pursuant to 14 U.S.C. § 1437f(a), the purpose of the Section 8 HCVP, like all subsidy programs commonly known as "Section 8," is to aid "lower income families in obtaining a decent place to live and of promoting economically mixed housing ...." The voucher program is designed to assist low-income families by providing subsidies which enable them to rent units existing in the private rental housing market.

10. The federal government, through HUD, allocates funds to local public housing agencies ("PHAs") throughout the nation to administer the Section 8 HCVP. Under the regulations, the local PHA enters into a Housing Assistance Payments ("HAP") contract with a property owner on behalf of an eligible family and agrees to subsidize the rental payment in an amount based on the family's income.

11. Once a family has been accepted in the HCVP, its entitlement to remain in the program is a matter of federal law. 24 C.F.R. § 982.552(c)(1)(i)-(xi) (2004) lists eleven grounds

on which a PHA may deny or terminate assistance. HUD has similarly established thirteen family obligations imposing various obligations and restrictions on a tenant, 24 C.F.R. § 982.551 (2004). None of those grounds or obligations prohibit the practice of permitting an occasional overnight guest at a tenant's dwelling.

12.   In addition to the applicable federal statutes and regulations, DCHA is subject to the provisions of its "Administrative Plan" which establishes local policies for administration of the program in accordance with HUD requirements." 24 C.F.R. § 982.54(a). The regulation further provides that "the PHA must administer the program in accordance with the PHA administrative plan."

13.   With respect to termination of assistance, DCHA's Administrative Plan is codified at 14 D.C.M.R. Chapter 89. In the event of any conflict between the Administrative Plan and the regulations incorporated therein, the regulations control. Id.

## FACTS

14.   In 1989, Plaintiff Robinson applied for, and was granted, a Section 8 subsidy under the Federal HCVP, funded by the federal government and administered locally by DCHA. Ms. Robinson currently resides in a subsidized unit at 1118 21st St, NE Apartment 108, Washington D.C., 20002.

15.   Over the 19 years Ms. Robinson has received a Section 8 subsidy, she has never been evicted or investigated for any cause, and has maintained her status as a tenant in good standing.

16.   Ms. Robinson has had a significant medical history including, childhood hydrocephalus, hypertension, diabetes mellitus, seizures, chronic fibrosis, and transient ischemic attacks.

17. In September 2005, Ms. Robinson was admitted to Washington Hospital Center with a subdural hematoma on the left side of her brain which was evacuated on September 19, 2005. As a result of the procedure, Ms. Robinson had serious infectious complications which resulted in her continued hospitalization for an extended period.

18. In 2006, Ms. Robinson had a sporadic friendship with Raymond Hoose a/k/a Raymond Newman (hereinafter referred to as "Mr. Hoose"). On October 27, 2006, Mr. Hoose was arrested at Ms. Robinson's dwelling on an outstanding warrant unrelated to any conduct by Ms. Robinson.

19. At the time of Mr. Hoose's arrest, Officer Barry Fine wrote a two-line statement on a notepad suggesting, without any further detail, that Mr. Hoose had been "living" with a girlfriend at the address of Ms. Robinson.

20. During the time prior to, and immediately after, his arrest, Mr. Hoose was known to have been using numerous addresses including, but not limed to a dwelling on Newton Street NE, Washington, DC 20018; another dwelling in Hyattsville, MD; and the Catholic Charities of the Archdiocese of Washington located at 924 G St. NW, Washington D.C., 20001. Mr. Hoose currently resides at a halfway house, Extended House, at 814 14th St. NE, Washington D.C., 20002.

21. At the time of his arrest, Mr. Hoose had no personal belongings or possessions in the apartment occupied by Ms. Robinson. There likewise is no evidence that any of his personal items were ever at the residence of Ms. Robinson. He never paid any rent for time spent at her apartment and never provided any monies for utilities to Ms. Robinson.

22. On April 10, 2007, Ms. Robinson received a "Recommendation for Termination" from the DCHA HCVP. The sole cause cited was "having an unauthorized occupant."

23. On June 13, 2007 an informal hearing was conducted at the DCHA.

24. At the hearing, Ms. Robinson presented six letters from members of her community, including her minister and an Advisory Neighborhood Commissioner, and the testimony of Corrine Wells and Ronald Wells attesting to her appropriate use of the Section 8 program.

25. At the hearing, the DCHA presented only the handwritten note of Officer Fine dated, October 27, 2006; a letter from Housing and Urban Development (HUD) Office of Investigation dated January 30, 2007; and the testimony of Adele Myles, the DCHA Investigator.

26. Neither Mr. Hoose nor Officer Barry Fine were called to testify at the hearing. There was no direct evidence, testimonial or documentary, that Mr. Hoose had resided at Ms. Robinson's dwelling in a manner sufficient to violate any applicable regulations.

27. In a letter dated, June 29, 2007, Ms. Robinson was nevertheless informed that DCHA Hearing Officer believed there was "sufficient evidence" that she had violated the terms of her Section 8 Subsidy and that her subsidy would be terminated. The Hearing Officer relied primarily on the double hearsay -- and entirely unexplained -- statement in Officer Fine's note that Mr. Hoose "had been living" with a "girlfriend" at Ms. Robinson's address.

28. On July 16, 2007, Ms. Robinson appealed the decision of the Hearing Officer.

29. On December 14, 2007, without any further hearing or evidence, the Executive Director of the DCHA affirmed the decision of the Hearing Officer. In doing so, the Executive Director again relied on the double hearsay statement that Mr. Hoose resided at Plaintiff's unit.

30. The Executive Director affirmed the hearing decision notwithstanding that DCHA did not call Mr. Hoose to testify, although that he was in jail in the District of Columbia and thus available by deposition or otherwise to testify.

31. The Executive Director likewise affirmed the informal decision of the Hearing Officer despite the fact that DCHA (a) did not call Officer Fine to testify; (b) had not visited Ms. Robinson's apartment to confirm or refute details such as its condition or whether there was any evidence Mr. Hoose resided there; (c) had not considered the fact that Mr. Hoose was residing at Catholic Charities' G Street facility - - and had indisputably been so residing for over a year as of the Executive Directive decision -- thus remedying any issue that may have previously existed; and (d) had failed to exercise any discretion in considering all other circumstances relevant to Ms. Robinson's situation.

32. The letter from the Watson Fennell, Jr., the Fair Hearings Administrator of the Office of Fair Hearings of the DCHA, notifying Plaintiff of the decision of the Executive Director, stated that the decision "does not affect [Plaintiff's] right to due process through the judicial system."

33. On January 9, 2008, Cedric Wormley, Supervisor of the Compliance Department of the HCVP of DCHA, sent a letter to Plaintiff's landlord advising that Plaintiff's Section 8 voucher would be terminated as of February 29, 2008. Plaintiff did not receive her copy of that letter until late February 2008.

34. Ms. Robinson's monthly rent at the dwelling at issue has been, and is, $787. Her Section 8 voucher is for $664 per month; she co-pays $123 per month. Ms. Robinson receives only $623 in Social Security Disability Income each month, and $150 in food stamps each month, and thus cannot pay the required rent without the Section 8 Subsidy.

35. Ms. Robinson is being, and will continue to be, irreparably harmed by Defendant's purported termination of her housing benefits, and may soon be left homeless, with no reasonable housing alternatives.

36.     Defendant's acts and omissions regarding the adoption, use, enforcement, or lack thereof, of administrative rules, policies, and procedures is denying, and unless remedied will continue to deny, Plaintiff of her right to subsidized housing.

37.     Ms. Robinson is an aggrieved person under the Civil Rights Act, 42 U.S.C. § 1981 *et seq.*, has been injured by Defendant's conduct, has suffered damages and a loss of civil rights, and faces severe economic and personal loss.

38.     Ms. Robinson is also suffering from anxiety, emotional distress, pain, and other irreparable harm as a result of Defendant's actions.

## FIRST CAUSE OF ACTION

**Violation of United States Housing Act, 42 U.S.C. § 1437 et seq. and Regulations Promulgated Thereunder**

39.     Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 38 above, inclusive, as if fully set forth herein.

40.     Defendant's termination of Plaintiff's Section 8 voucher, under color of law, is not authorized by the Act as amended or by its implementing regulations.

41.     Defendant's actions therefore violate the Plaintiff's rights under the Act, 42 U.S.C. § 1437f and the Administrative Procedures Act, 5 U.S.C. §§ 500 *et seq.*

42.     Defendant's termination of Plaintiff's Section 8 voucher without properly determining or investigating who were the eligible occupants in the home of Ms. Robinson violates HUD regulations, 24 C.F.R. § 982.551.

43.     Defendant, acting under color of law, violated Plaintiff's statutory rights under the United States Housing Act of 1937, 42 U.S.C. § 1437 et seq., and its implementing regulations at

24 C.F.R. Part 982, and the Administrative Procedures Act, 5 U.S.C. §§ 500 *et seq.*, in violation of 42 U.S.C. § 1983, by:

    a.    Failing to establish, by a preponderance of the evidence, as required by 24 C.F.R. §982.555(e)(6), that Raymond Hoose was residing with Ms. Robinson in violation of the terms of the subsidy, and in so doing, misapplying the applicable evidentiary standard and exceeding their legal authority;

    b.    Relying on double hearsay to draw impermissible inferences regarding facts in controversy, and in so doing, misapplying the applicable administrative rules and exceeding their legal authority;

    c.    Failing to exercise discretion in deciding to terminate Plaintiff, and in so doing, misapplying the applicable standard and failing to exercise their legal authority;

    d.    Failing to consider adequately the circumstances and effects of the termination on Plaintiff and her family, the extent of participation or culpability of Ms. Robinson, and the disabilities of Ms. Robinson, all in violation of 24 C.F.R. § 982.552(c)(2)(i); and

    e.    Relying on information without available witnesses to permit Plaintiff to cross-examine.

## SECOND CAUSE OF ACTION

### Violation of the Right to Due Process of Law

44.    Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 43 above, inclusive, as if fully set forth herein .

45. Participation in the Section 8 HCVP is a protected property interest that cannot be terminated without due process of law.

46. Defendant's termination of Plaintiff's Section 8 voucher without an appropriate hearing employing appropriate rules of evidence and burden of proof violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### THIRD CAUSE OF ACTION

### Failure to Follow Administrative Plan

47. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 above, inclusive, as if fully set forth herein.

48. Defendant's termination of Plaintiff's Section 8 voucher without an appropriate hearing fails to comply with the DCHA Administrative Plan and thus violates 24 C.F.R. § 982.54, requiring a PHA to follow its administrative plan.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court, pursuant to 42 U.S.C. §§ 1981, 1983, 1988, 2201, 2202, the United States Constitution, and the Court's own equitable powers, to grant the following relief:

1. Enter a declaratory judgment that Defendants violated Plaintiff's due process right by failing to establish by a preponderance of the evidence, that Mr. Hoose was residing with Ms. Robinson in violation of the terms of the subsidy, thus violating 24 C.F.R. § 982.555(e)(6) and the Federal Civil Rights Act, 42 U.S.C. § 1981 *et seq.*;

2. Enter a declaratory judgment that Defendants violated Plaintiff's due process right by relying on hearsay evidence to draw impermissible inferences regarding facts in controversy, thus violating Federal Civil Rights Act, 42 U.S.C. §1981 *et seq.*

3. Enter a declaratory judgment that Defendants failed "to consider all relevant circumstances such as the seriousness of the case, the extent of participation or culpability of individual family members, mitigating circumstances related to the disability of a family member," thus violating 24 C.F.R. § 982.552(c)(2)(i).

4. Enter a preliminary and permanent injunction ordering Defendants to immediately reinstate Plaintiff's subsidy, to pay her rental benefits amount due and owing to Plaintiff's landlord since March 1, 2008, and continue the payment of her benefits;

5. Award compensatory damages to Plaintiff;

6. Award Plaintiff costs of this action and reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988; and

7. Grant such additional relief this Court determines just and proper.'

## DEMAND FOR JURY TRIAL

Plaintiff asserts her right to a jury trial on all counts so triable

Dated: March 31, 2008

_____
Peter T. Grossi (DC Bar No. 201517)
Marni B. Karlin (DC Bar Application Pending)
David J. Galvez (DC Bar No. 468460)

ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
(202) 942-5670
(202) 942-5999 (fax)

Attorneys for Denise Robinson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENISE ALLISON ROBINSON )<br>1118 21st St., NE Apt. 108 )<br>Washington, DC 20002 )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>    HOUSING AUTHORITY, )<br>)<br>1133 North Capitol St., NE )<br>Washington, DC 20002 )<br>        Defendants )<br>) | Case No._____ |

## AFFIDAVIT OF DENISE ALLISON ROBINSON

Denise Allison Robinson, being duly sworn, hereby states as follows:

1. The facts concerning to the decision of the DCHA to terminate my Section 8 housing subsidy are correctly set forth in Paragraphs 14 through 37 of the Complaint filed in this case.

2. If my Section 8 voucher is terminated, I fear I will be evicted because I will not be able to pay the rent of $787 per month. I only collect a total of $773 per month in income.

3. I believe I will be homeless without my subsidy because I will not be able to find affordable housing on my current income.

4. I am fearful that my grandson who I care for on a daily basis will also suffer because I will no longer be able to supervise him or assist his mother who works.

5. I also believe my health will deteriorate if I am left homeless, and I will not be able to tend to my medical needs if my subsidy is terminated.

*Denise A. Robinson*
Denise Allison Robinson

SUBSCRIBED AND SWORN BEFORE ME THIS 20th day of March, 2008.

*Linda L Paddison*
Notary Public

LINDA L. PADDISON
Notary Public, District of Columbia
My Commission Expires June 14, 2010

- 2 -

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

08-766
RBW

## I (a) PLAINTIFFS
Denise Allison Robinson

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (N/A)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS
DC Housing Authority

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00766
Assigned To : Walton, Reggie B.
Assign. Date : 5/2/2008
Description: Civil Rights-Non. Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO   If yes, please complete related case form.

**DATE** 5/2/08   **SIGNATURE OF ATTORNEY OF RECORD** NcD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd